LEVI B. MERRIAM *vs.* GEORGE H. RICHARDS & another.

A written assent to the discharge of an insolvent debtor, filed by one of his creditors, pursuant to *St.* 1848, *c.* 304, § 9, becomes part of the record of the proceedings in insolvency, and cannot be withdrawn without notice to the debtor and the judicial consent of the commissioner.

APPEAL by the assignee of the respondents, partners and insolvent debtors, from the order of a commissioner of insolvency, granting each of them a discharge from his joint and separate debts.

The question whether the respondents were entitled to a discharge was submitted to the court upon the following facts : The warrant was issued on the 30th of October 1851, and made returnable on the 11th of November 1851. On that day the first meeting of creditors was held, the appellant chosen assignee, and the deed of assignment made. The second meeting was held on the 10th of December 1851. At the third meeting, held on the 8th of May 1852, a majority in number and value of all

the creditors, who before or after that date proved claims, gave their assent in writing to the discharge of the respondents. On the 11th of said May, some of the creditors, who had signed this assent, signed and filed with the clerk of the commissioner a written revocation of their assent, and request that their names might be erased from the list of assenting creditors, and that no discharge might be granted until they should have had an opportunity to appear and oppose it. The remaining creditors who had signed the assent, and had not signed the revocation, did not constitute a majority in number or value of the creditors. The assets of the respondents were insufficient to pay fifty per cent. of the claims proved against their estate. The third meeting of the creditors was adjourned from the 8th to the 15th of May, and no meeting was held between those days. At the adjourned meeting, the commissioner, after hearing an argument upon the question whether the revocation was effectual granted a certificate of discharge to each of the respondents.

*S. Bartlett & D. Thaxter*, for the appellant. An insolvent debtor, whose estate does not pay fifty per cent. of the debts proved, cannot claim his discharge until the expiration of six months from the date of the assignment. *Gates* v. *Campbell*, 8 Cush. 108. His right to a discharge must depend on the state of facts then existing. *Eastman* v. *Hillard*, 7 Met. 420. The amount of debts proved and allowed will be ascertained by the record; but the assent is to be proved like other written documents, the statute not requiring it to be filed or recorded. If a creditor could not revoke his assent to the discharge, his assent might give effect to a discharge, although he had afterwards, within the six months, withdrawn his claim. *Bemis* v. *Smith*, 10 Met. 194. The debtor has no right therefore, before the expiration of the six months, to rely upon the assent, alter his condition, or relax his efforts; and the non-assenting creditors are interested in having the full time allowed for a withdrawal of the assent. The statute intends to allow each creditor six months to decide whether he will assent to the discharge, or to withdraw an assent, hastily obtained by mistake or fraud. The right of a debtor, whose estate does not pay fifty per cent

of the claims proved, to a discharge, has been more and more restricted by statute, from time to time. *Sts.* 1838, *c.* 163, § 7; 1844, *c.* 178, § 4; 1848, *c.* 304, § 9. And upon settled principles, a gratuitous consent is revocable, until acted on. *Clarke* v. *Parker*, 19 Ves. 13. *Dashwood* v. *Bulkeley*, 10 Ves. 242. Even in cases of election under wills, an election once made is evocable, if the parties can be restored to their original position. *Edwards* v. *Morgan*, 13 Price, 782. *Leonard* v. *Crommelin*, 1 Edw. Ch. 206. *Adsit* v. *Adsit*, 2 Johns. Ch. 448. The revocation need not be made at a meeting of creditors; it is sufficient if it be within the six months. *Gardner* v. *Nute*, 2 Cush. 333. This is not like the case of a dissent filed under *St.* 1844, *c.* 178, § 4, in which the other creditors might perhaps have an interest.

*R. Fletcher & E. Blake*, for the appellees.

THOMAS, J. On the 8th of May 1852, under the *St.* of 1848, *c.* 304, § 9, the debtors might have received their discharge. They had complied with all the provisions of the statutes; the three meetings prescribed by law had been held; a majority in number and value of all creditors who ever proved claims had filed their assent. The lapse of six months is not necessary before a certificate of discharge may be given. *Journeay* v. *Gardner*, 11 Cush. 355.

The question is, whether the subsequent action of a portion of the creditors on the 11th of May has affected this right. On that day certain of the creditors filed with the clerk a written revocation of their assent to the discharge. This was the last day of the six months after the date of the assignment, and the last day on which the assent of creditors could be made. The third meeting had been adjourned to the 15th of the month, and no meeting could be called before the six months had expired. At the adjournment of the third meeting, held on the 15th of May, this instrument of revocation was first brought to the notice of the commissioner. The assignee contends that this instrument operated as a revocation of the assent previously given by the creditors who signed it; that it left less than a majority assenting to the discharge; and that therefore the discharge could not be granted.

We are not called upon to determine whether an assent to the discharge of an insolvent debtor, once given, can be revoked or withdrawn upon petition to the commissioner, notice to the insolvent, at a meeting of the creditors, and for good cause shown—as that it was obtained by fraud, misrepresentation, or for a pecuniary consideration. The question is, whether it can be done, when no meeting of creditors is held, without notice to the insolvent, without cause alleged, and without the action of the commissioner upon the subject. We are of opinion that it cannot.

Under the *St.* of 1844, *c.* 178, § 4, providing that the discharge should be granted, unless a majority in value of the creditors who had proved their claims should dissent, it was held that a dissent filed could not be withdrawn. *Beverly Bank* v. *Wilkinson*, 2 Gray, 519. That case would go very far to settle this. The distinction, however, perhaps is, that the other creditors acquired an interest in the dissent filed.

But independently of that decision, no effect can be given to this instrument. The insolvent court, though not technically a court of record, is yet bound to record all its proceedings. *Sts* 1838, *c.* 163, § 14 ; 1848, *c.* 304, § 4 ; 1852, *c.* 189, § 3. Upon this record, the validity of the discharge, so far as the course of proceeding is concerned, is to be determined. The certificate is but *prima facie*, and the court will always go behind it, and look into the record, to see if the discharge was properly granted. *Gardner* v. *Nute*, 2 Cush. 333. *Cox* v. *Austin*, 11 Cush. 32. The statute requires the assent to be in writing, that it may be made part of the record, either by being actually spread upon it, or so filed as to make part of it. This is necessary to show whether the majority in number and value have assented, and whether their assent was seasonable.

Under the *St.* of 1852, *c.* 293, creditors who have proved their claims may assent in writing to the discharge, though an appeal from the allowance of their claims may be pending ; and such assent is to have the same effect, if the claims be finally allowed, as if the appeal had not been taken ; and not otherwise. Under this statute, it is plain that the record must show who had assented

Suppose, by way of example, claims are so proved, amounting in the whole to $9,000; a majority in number and to the value of $5,000 assent; but appeals as to different claims, amounting to $1,500, are pending. The validity of the discharge depends upon the final allowance of these claims, and if there is no record showing the claims proved, and which of the creditors assented. the question of discharge or not could not be settled.

If the written assent of the creditors is made part of the record, it would seem to follow that that record could not be changed, and the assent withdrawn or revoked, but upon the judicial determination of the commissioner.

But there are still stronger reasons against giving effect to such an instrument. The allowance of such withdrawal of assent, without notice to the insolvent, without the action of the commissioner, without cause assigned, would work great injustice to the insolvent, especially if, as in this case, it can be done the last day of the six months, and when there is no opportunity to supply the deficiency.

Such construction of the statute would open the door to fraud and all manner of indirection. The creditor might file his assent for the very purpose of revoking it when it was too late for the debtor to help himself. It would lead to confusion and uncertainty in the transaction of the business of insolvent courts. If a creditor may, of his mere motion, revoke his assent once given, he may assent and withdraw at his pleasure.

The statute gives to creditors the election to assent or not, at their pleasure; but having made their election, they must abide by it, unless for good cause shown they are permitted to revoke.

*Decree affirmed.*